UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re: LISA S. BLYTHE,

        Debtor.

Case No. 04-26018 svk

ROBERT MULLINS

Chapter 7

        Plaintiff,

Adv. Proc. No. 04-2274

v.

LISA S. BLYTHE

        Defendant.

---

**ADVERSARY COMPLAINT**

---

ROBERT MULLINS, by his attorneys, Beck, Chaet & Bamberger, S.C., as and for his adversary complaint against the Defendant, alleges as follows:

1. The Plaintiff, Robert Mullins (hereinafter "Mullins"), is an adult individual currently residing at 4836 Woodlawn Court, Milwaukee, Wisconsin 53208.

2. The Defendant, Lisa S. Blythe (hereinafter "Blythe"), is, upon information and belief, an adult individual currently residing at 815 Lakeview Road, Apartment 202, Brookfield, Wisconsin 53045.

3. On or about April 19, 2002, Mullins, Blythe, and Paul A. Karsten (hereinafter "Karsten") entered into an agreement relating to the formation of Dish Technologies (the "Agreement"). As set forth in the Agreement, Dish Technologies was formed, with Mullins, Karsten, and Blythe as partners thereof, for the purpose of installing commercial satellite systems.

4. Among other things, the Agreement provided that Mullins was to form Dish Technologies, and following formation, to obtain a Small Business Administration loan in the amount of $122,000 (the "SBA Loan"). In exchange for Mullins' agreement to obtain the loan, Karsten and Blythe agreed to collateralize the SBA Loan using assets from Odyssey Entertainment, LLC (hereinafter "Odyssey"), a Wisconsin Limited Liability Company whose president is Karsten and whose owners, upon information and belief, are Karsten and Blythe.

5. For the purpose of inducing Mullins to enter into the Agreement, Blythe, acting alone and in concert with Karsten, fraudulently represented to Mullins that the net value of Odyssey's assets was in excess of $100,000. Upon information and belief, the Odyssey assets had a net value much less than $100,000, a fact of which Blythe was aware prior to and as of the date of the Agreement.

6 For the purpose of inducing Mullins to enter into the Agreement, Blythe, acting alone and in concert with Karsten, fraudulently represented to Mullins that should Dish Technologies fail as an enterprise that Karsten and Blythe would liquidate the Odyssey assets to pay off the SBA Loan before Mullins would have to dip into his own assets.

7. Relying on Blythe's aforementioned fraudulent representations, Mullins entered into a loan agreement with Sunset Bank & Savings ("Sunset Bank"), whereby Sunset Bank agreed to loan Mullins d/b/a Dish Technologies the sum of $122,000. The Small Business Administration guaranteed Mullins obligations under the SBA Loan obtained from Sunset Bank.

8. Karsten and Blythe managed and ran the day to day operations of Dish Technologies, including the expenditure of Dish Technologies funds. Despite repeated requests and attempts by Mullins to obtain and review Dish Technologies books and financial records, Karsten and Blythe refused to allow Mullins to do so, and, in fact, conspired to keep that information and those records away from Mullins.

8/3/04/ehm
M:\Mullins.Robert\10000-Karsten-Blythe\Pleadings\Adversary Compl.

Case 04-02274-svk    Doc 1    Filed 08/03/04    Page 2 of 6

2

9. According to the terms of the SBA Loan, Mullins' signature was required on any request for disbursement of SBA Loan proceeds from Sunset Bank to Dish Technologies or its vendors. On many occasions from late April through August of 2002, Blythe, acting alone and in concert with Karsten, requested that Mullins execute numerous draw requests for the SBA Loan totaling $122,000. Although Karsten and Blythe represented to Mullins that all monies obtained were to be used for the operation and benefit of Dish Technologies, Karsten and Blythe fraudulently obtained and utilized funds from the Dish Technologies SBA loan to pay their own personal debts and obligations, and also debts and obligations of their separate company, Odyssey, including, but not limited to:

A. On April 24, 2002, a check for $11,369.00 was issued by Sunset Bank to Saddlebrook, which Karsten represented was for equipment for Dish Technologies, but which was, in fact, misappropriated by Karsten to pay his own apartment rent;

B. On April 27, 2002, a Dish Technologies check for $500.28 was issued by Blythe to pay for tires for Blythe's personal vehicle, a Dodge Durango;

C. On April 29, 2002 and May 2, 2002, Dish Technologies checks for $2,258.00 and $132.11, respectively, were issued by Blythe to pay for personal expenses relating to Blythe's Dodge Durango;

D. Various Dish Technologies checks made out to "cash" were, upon information and belief, used by Karsten and Blythe to satisfy other personal obligations, as well as obligations of Odyssey;

E. Various Dish Technologies checks were issued by Blythe and Karsten to Dave Joy and others, which, upon information and belief, were payments for debts of Odyssey rather than Dish Technologies.

10. Since Odyssey was the entity which had a prior dealer relationship with the Dish Network, it was agreed between Mullins, Blythe and Karsten that Dish Technologies would purchase the necessary equipment to do commercial installations and perform the installation work, and the activation and other fees and revenues that were paid to Odyssey for said installations and equipment would be paid over from Odyssey to Dish Technologies.

11. Upon information and belief, all revenues which Odyssey obtained which were to be paid to Dish Technologies were retained by Karsten and Blythe and used to satisfy their personal obligations as well as the obligations of Odyssey.

12. At all times relevant hereto, Blythe was in a position of management and authority with respect to the operations of Dish Technologies. Therefore, all of Blythe's actions as set forth above constitute fraud as well as a breach of the fiduciary duty of loyalty, good faith, and fair dealing owed by Blythe to Mullins and Dish Technologies. As a direct and proximate result of Blythe's fraudulent conduct as described above, Dish Technologies became financially ruined and ceased operations. Karsten and Blythe have failed to liquidate Odyssey's assets to satisfy Dish Technologies obligations, and as a result, Mullins has been forced to spend his personal funds to satisfy obligations of Dish Technologies which were incurred by Karsten and Blythe. Mullins has been damaged in an amount in excess of $150,000.00, with the exact amount to be proven at trial.

13. Blythe's conduct, as described above, constitutes fraud and/or a defalcation while acting in a fiduciary capacity pursuant to 11 U.S.C. § 523(a)(4).

14. Blythe's conduct, as described above, resulted in Blythe obtaining money and property through false pretenses, false representations, and actual fraud, as defined in 11 U.S.C. § 523(a)(2)(A). WHEREFORE, plaintiff, Robert Mullins, prays for judgment against the defendant, Lisa S. Blythe, as follows:

A. For an order pursuant to 11 U.S.C. § 523(a)(4) and/or 11 U.S.C. § 523(a)(2)(A), for a determination as to the dischargeability of certain debts relating to the funds misappropriated by the Defendant as described above;

B. For dollar damages in favor of the plaintiff, and against the Defendant, in an amount to be determined at trial but no less than the sum of $150,000, together with interest on said sum and allowable costs of collection; and

C. For such other and further relief as is just and equitable.

Dated this 2d day of August, 2004

BECK, CHAET & BAMBERGER, S.C.<br>
Attorneys for Plaintiff<br>
By: _____<br>
Seth E. Dizard

P.O. Address:

BECK, CHAET & BAMBERGER, S.C.
Two Plaza East, Suite 1085
330 East Kilbourn Avenue
Milwaukee, WI 53202
(414) 273-4200

| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 04-2274 |
|---|---|---|

| PLAINTIFFS<br>Robert Mullins<br>4836 Woodlawn Court<br>Milwaukee, WI 53208 | DEFENDANTS<br>Lisa S. Blythe<br>815 Lakeview Road<br>Apt. 202<br>Brookfield, WI 53045 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Seth E. Dizard, Esq.<br>Beck, Chaet & Bamberger, S.C.<br>Two Plaza E., Ste. 1085; 330 E. Kilbourn Ave.<br>Milwaukee, WI 53202  414-2734200 | ATTORNEYS (If Known)<br>Ryan J. Harrington<br>N14 W23755 Stone Ridge Drive, Ste. 200<br>Waukesha, WI 53188<br>262-523-4321 |

PARTY (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☒ 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Seek declaration that debt is not discharged pursuant to 11 U.S.C. Section 523(a)(2)(A) and/or 11 U.S.C. Section 523(a)(4).

## NATURE OF SUIT
(Check the one most appropriate box only.)

- ☐ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- ☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

ORIGIN OF PROCEEDINGS (Check one box only.)    ☒ 1 Original Proceeding    ☐ 2 Removed Proceeding    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another Bankruptcy Court    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000.00    OTHER RELIEF SOUGHT    ☐ JURY DEMAND Check only if demanded in complaint

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Lisa S. Blythe | BANKRUPTCY CASE NO.<br>04-26018-svk | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Wisconsin | DIVISIONAL OFFICE<br>Bankruptcy | NAME OF JUDGE<br>Susan V. Kelley |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF<br>Robert Mullins | DEFENDANT<br>Paul A. Karsten | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT<br>Eastern District | DIVISIONAL OFFICE<br>Bankruptcy | NAME OF JUDGE<br>Susan V. Kelley |

FILING FEE (Check one box only.)    ☒ FEE ATTACHED    ☐ FEE NOT REQUIRED    ☐ FEE IS DEFERRED

| DATE<br>8/3/04 | PRINT NAME Atty. for Plaintiff<br>Seth E. Dizard, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Seth E. Dizard |
|---|---|---|