

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

In re: LISA S. BLYTHE,

    Debtor.

Case No. 04-26018 svk

ROBERT MULLINS,

Chapter 7

    Plaintiff,

Adv. Proc. No. 04-2274

v.

LISA S. BLYTHE,

    Defendant.

## BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE

### INTRODUCTION

On August 20, 2004, Robert Mullins ("Mullins") filed two Adversary Complaints with this Court against Paul A. Karsten ("Karsten") and Lisa A. Blythe ("Blythe") (the "Karsten Action" and the "Blythe Action", respectively). In the Adversary Complaints, Mullins asserted non-dischargeability claims against Karsten and Blythe in an amount to be proven at trial, but not less than $150,000, for their allegedly fraudulent actions pursuant to 11 U.S.C. §§523(a)(4) and (a)(2)(A). Both Karsten and Blythe failed to file Answers to their respective Adversary Complaints, but each appeared telephonically on October 6, 2004 for their Pretrial Conferences. During the Pretrial Conferences, Mullins, by counsel, moved the Court for an entry of default against both Karsten and Blythe for their failure to file an Answer. Both Karsten and Blythe argued that they did not have counsel and needed additional time to retain the same. The Court subsequently allowed Karsten an

Steven W. Jelenchick
Beck, Chaet & Bamberger, S.C.
Two Plaza East, Suite 1085
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
(414)273-4200 (tel)
(414)276-7786 (fax)
email: sjelenchick@bcb.net

additional two (2) weeks to hire counsel and file an Answer. Blythe's request for similar relief was denied. In the case of Blythe, the Court declined to find excusable neglect and entered judgment, pending a prove-up trial. A trial date of December 8, 2004 was then set for both the Karsten Action and the Blythe Action.

On or about October 8, 2004, the Court mailed the Court Proceeding Minutes and Pretrial Instructions (the "Minutes") to the parties. The Minutes clearly stated the penalties in the event Karsten failed to file an Answer by October 20, 2004. After the Court's reprieve, Karsten again failed to file an Answer by the appropriate date, his second time to do so. On or about October 22, 2004, counsel for Mullins filed an Affidavit of No Answer with the Court requesting the entry of default. By operation of the Minutes, entry of default was entered against Karsten for his failure to file an Answer.

On or about November 18, 2004, counsel for Mullins sent a Notice of Deposition to Karsten. The Notice stated that his deposition would commence on December 3, 2004 at 10:00 a.m. On December 1, 2004, newly retained counsel for Karsten contacted counsel for Mullins, requesting an adjournment of the deposition and the trial. Counsel for Mullins declined. After moving forward with Karsten's deposition at 11:30 a.m. on December 3, 2004, Karsten and his counsel withdrew from the deposition prior to its completion due to a prior scheduling conflict. Soon thereafter, Karsten and Blythe filed motions in their respective actions asking for an enlargement of time to file responsive pleadings under F.R.Civ.P. 6(b). Because of the pending motions, Mullins stipulated to the adjournment of the trials, preserving all objections. For the reasons set forth below, this Court should deny Karsten's and Blythe's motions.

# ARGUMENT

## I. NEITHER KARSTEN OR BLYTHE HAVE SHOWN GOOD CAUSE UNDER FED.R.BANKR.P. 7055(C).

Karsten's and Blythe's motions are brought under F.R.Civ.P. 6(b), whose counterpart in bankruptcy is Fed.R.Bankr.P. 9006. Mullins contends this rule is inappropriate since the entry of default has been already ruled on by the court under Fed.R.Bankr.P. 7055(a) in the case of both Karsten and Blythe, which pertains specifically to adversary proceedings. Accordingly, Mullins contends the appropriate methodology of relief for Karsten and Blythe is under Fed.R.Bankr.P. 7055(c), not Fed.R.Bankr.P. 9006. However, admittedly, both Rules encompass similar standards for relief, specifically, "good cause" under the former and "excusable neglect" under the latter.

Fed.R.Bankr.P. 7055(c) provides that the Court may set aside default judgment for good cause shown. Fed.R.Bankr.P. 7055(c). It states, "...[f]or good cause shown the court may set aside an entry of default judgment and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Because Rule 7055(c) does not define the term "good cause," federal courts have set three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. *Enron Oil Corp. et al. v. Diakuhara, et al.*, 10 F.3d 90, 96 (2nd Cir. 1993). These widely accepted factors are: 1) whether the default was willful; 2) whether setting aside default would prejudice the adversary; and 3) whether a meritorious defense is presented. *Id.*

### A. Although Careless, Karsten's And Blythe's Multiple Failures To File Answers Were Willful Abdications Of Their Responsibilities.

Because a motion for relief from judgment seeks "extraordinary judicial relief," it will be granted only where the movant "meets the burden of demonstrating 'exceptional circumstances'."

3

*Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2nd Cir. 1994). The Seventh Circuit has held that when exceptional circumstances demonstrate that the events contributing to a default judgment were <u>not within the meaningful control of the defaulting party</u>, relief may be warranted. *Zuelzke Tool & Engineering Co., Inc., v. Anderson Die Casting, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991) (emphasis added). However, when a party <u>willfully</u>, albeit through ignorance or carelessness, abdicates its responsibilities, <u>relief from judgment is not warranted</u>. *Id.* In the instant cases, both Karsten's and Blythe's conduct may be fairly described, at best, as careless. Under the *Zuelzke Tool* standard, Karsten's and Blythe's carelessness amounts to a deliberate and wilful abdication of their legal responsibilities to protect their own interests in the litigation. *Id.* Karsten and Blythe were not diligent in protecting their interests, and by and through their respective motions, have not enunciated anything that resembles "good cause." Also pursuant to *Zuelzke Tool*, a careless attitude or even a genuine misunderstanding is insufficient to describe their failures as "excusable" neglect. *Id.* It is not simply neglect which warrants relief, but rather "excusable" neglect. *Id.* Since their actions which lead to the entry of default were willful and within their meaningful control, it is clear that Karsten and Blythe have failed to show good cause for the invocation of Rule 7055(c) relief.

This is especially the case since Karsten was already awarded one reprieve from this Court to file an Answer, which he failed to take advantage of. In the case of Blythe, she already argued to the Court during her Pre-Trial Conference that she should be entitled to additional time. This Court denied her request summarily, finding the absence of good cause. They are not entitled to argue for the same relief *ad nasuem,* in the face of the Court's previous findings.

4

**B. Setting Aside The Entry Of Default In The Karsten Action And Blythe Action Will Prejudice Mullins.**

Mullins will suffer prejudice if this Court grants Karsten's and Blythe's motions. Essentially, Karsten and Blythe have already argued to this Court during the Pre-Trial Conference the merits of these Motions. The Court has rejected the same, and in the instance of Karsten, provided him with relief, which he wilfully squandered. To now entertain further Motions, based on the same excuses, is unfair to Mullins. Further, due to Karsten's and Blythe's continual delay tactics, Mullins has had a deposition cut short, which forced him to agree to an adjournment of the trials. All that remains to be done in this case is a prove-up trial relating to damages. To start over at this point, merely because of Karsten's and Blythe's carelessness and indifference, places an unfair burden on Mullins.

Default procedures provide a useful remedy when a litigant is confronted by an obstructionist adversary. *Enron Oil Corp. et al.*, 10 F.3d at 96. Under such circumstances the procedural rules, which Karsten and Blythe show complete insouciance, play a constructive role in the orderly and efficient administration of justice. *Id.* In the instant cases, both Karsten and Blythe have obstructed, time and time again, the orderly and efficient administration of justice. Accordingly, the purpose of requiring "excusable" neglect is to ensure that Karsten's and Blythe's actions were not obstructive. This requirement helps secure the speedy and efficient administration of the legal system by insisting that one who is a party to litigation must attend to it and give it that amount of attention which one of ordinary prudence gives to important business. *In re World Wide Gifts, Inc. et al., v. Interstate Computer Service, Inc.*, 10 B.R. 761, 764 (Bankr. S.D.N.Y. 1981). Karsten's and Blythe's actions suggest a disregard of process rather than a mere misplaced order of priority. Mullins should not be punished by a continuation of this abuse of process.

5

C.   **Karsten and Blythe Have Not Shown A Meritorious Defense.**

A defendant seeking to vacate entry of default must present some evidence beyond conclusory denials to support his defense. *Enron Oil Corp. et al.*, 10 F.3d at 98. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense. *Id.* Neither Karsten or Blythe have offered this Court anything more than conclusory denials. Affidavits are missing from either motion. To the extent Karsten and Blythe will attempt to elicit testimony at the hearing scheduled for December 20, 2004, counsel for Mullins has not been provided with any look into what that testimony may be. At this point, it is unfair to proceed with extracted testimony by Karsten and Blythe without counsel for Mullins having time to evaluate that testimony. Therefore, the Court should rule based on the Motions only, which fall far short of showing any type of meritorious defense.

It is also important for the Court to note that if their Motions are denied, Karsten and Blythe will not be completely foreclosed of any opportunity to defend themselves. We will still have a trial as to damages and the extent of the fraud, where they can challenge these issues on a limited scale.

## CONCLUSION

For the foregoing reasons, Robert Mullins respectfully requests that this Court deny the Motions of Karsten and Blythe to vacate the entry of default. In the final analysis, neither party has shown good cause for their Motions. Further, both parties have had multiple opportunities to attend to this matter and their willful carelessness and nonchalance is the cause of their failures. Case law supports that, in such a case, good cause cannot exist. Additionally, their actions have amounted to a disregard of process, which must not be tolerated. Finally, as to the meritorious defense aspect of

the Court's analysis, Karsten and Blythe should be restricted to their Motions only since counsel for Mullins has not received any information as to any expected testimony. Since their Motions do not have Affidavits attached showing the same, the Motions must be denied.

Respectfully submitted this 15th day of December, 2004.

BECK, CHAET & BAMBERGER, S.C.
Attorneys for Plaintiff,
Robert Mullins

By: *Steven W. Jelenchick*
Steven W. Jelenchick
State Bar No. 1037766

P.O. Address:

BECK, CHAET & BAMBERGER, S.C.
Two Plaza East, Suite 1085
330 East Kilbourn Avenue
Milwaukee, WI 53202
(414) 273-4200

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: LISA S. BLYTHE,

        Debtor.

ROBERT MULLINS,

        Plaintiff,

v.

LISA S. BLYTHE,

        Defendant.

Case No. 04-26018 svk

Chapter 7

Adv. Proc. No. 04-2274

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF WISCONSIN    )
                                 ) ss
COUNTY OF MILWAUKEE  )

    Pamela J. Mitchell, being first duly sworn on oath, deposes and says that she mailed a true copy of BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE in the above-entitled action to the person named and at the address stated hereinafter, by enclosing the same in an envelope which bore the sender's return address of BECK, CHAET & BAMBERGER, S.C., Two Plaza East, Suite 1085, 330 East Kilbourn Avenue, Milwaukee, Wisconsin, 53202, and which she mailed on the 15th day of December, 2004.

TO:    Christopher S. Carson, Esq.
         Carson Law Offices
         13500 W. Watertown Plank Road, #102
         Elm Grove, WI 53122

*Pamela J. Mitchell* (signature)
Pamela J. Mitchell

Subscribed and sworn to before me
this 15th day of December, 2004.

_____
Notary Public, State of Wisconsin
My commission: is permanent


P.O. Address:

BECK, CHAET & BAMBERGER, S.C.
Two Plaza East, Suite 1085
330 East Kilbourn Avenue
Milwaukee, WI 53202
(414) 273-4200