UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: LISA S. BLYTHE,

    Debtor.

ROBERT MULLINS,

    Plaintiff,

v.

LISA S. BLYTHE,

    Defendant.

Case No. 04-26018-SVK

Chapter 7

Adv. Proc. No. 04-2274

## AFFIDAVIT OF STEVEN W. JELENCHICK IN SUPPORT OF EX PARTE MOTION TO REOPEN AND FOR DEFAULT JUDGMENT

Steven W. Jelenchick, being first duly sworn on oath states as follows:

1. Your affiant is an attorney licensed to practice law in the State of Wisconsin, and one of the attorneys retained by Plaintiff to represent him in the above captioned matter.

2. On April 1, 2005, Plaintiff, Robert Mullins ("Mullins"), and Defendant, Lisa S. Blythe ("Blythe"), entered into a Stipulation and Order for Dismissal Subject to Terms ("Stipulation"), to compromise and settle all of their disputes in an action initiated by Mullins in the United States Bankruptcy Court, Eastern District of Wisconsin, Case No. 04-26018-SVK; Adversary Proceeding No. 04-2274 (the "Adversary Proceeding"). Attached hereto and marked as Exhibit "A" is a true and correct copy of the Stipulation and Order for Dismissal Subject to Terms.

Drafted By:
Steven W. Jelenchick, Esq.
Beck, Chaet & Bamberger, S.C.
Two Plaza East, Suite 1085
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
(414)273-4200

3. As set forth in Paragraph 2 of the Stipulation, Blythe, agreed to pay to Mullins the sum of $60,000.00 to be paid as follows:

    A    Initial payment in the amount of $1,000.00 on or before May 1, 2005;

    B    Thirty-five (35) installment payments of $1,000.00; and

    C    Commencing May 1, 2008, Sixteen (16) installment payments of $1,500.00 until the balance is paid in full.

4. The Stipulation provided that Mullins was entitled to reopen the litigation, without notice to Blythe, and to take judgment in the event of a default by Blythe on her obligations set forth in the Stipulation.

5. Blythe, failed to make the installment payments of $1,000.00 each that were due on August 1, 2005, September 1, 2005, October 1, 2005, November 1, 2005, December 1, 2005, January 1, 2006, February 1, 2006, and March 1, 2006 and is therefore in default of her obligation under the Stipulation.

6. On December 23, 2005, due to Blythe's default and pursuant to the terms of the Stipulation, demand was made upon Blythe, for payment in the amount of $1,000.00 for the months of August 2005, September 2005, October 2005, November 2005 and December 2005. Payment was to be made to Mullins on or before December 30, 2005. Attached hereto, marked as Exhibit "B" and incorporated herein is a true and correct copy of the demand letter dated December 23, 2005. Blythe, failed to make any payment to Mullins by the December 30, 2005 deadline.

7. Pursuant to Paragraph 5 of the Stipulation, due to Blythe's default on her obligation in the Stipulation, Mullins is entitled to:

A     Enter immediate judgment against Blythe in the amount of $150,000.00 less payments received, plus 12% interest on the unpaid balance from April 1, 2005;

B     Collect all statutory damages and costs of this action;

C     Reopen this litigation at his election and take a default judgment against Blythe for any remaining unpaid portion of the settlement amount.

8.     As of March 22, 2006, Blythe is obligated to Mullins pursuant to the terms of the Stipulation in the principal amount of $150,000.00 less payments received in the sum of $3,000.00 for a balance due of $147,000.00, plus interest in the amount of $17,444.00, in total the sum of $164,444.00, plus interest after March 22, 2006 at the rate of $49.00 per day, plus all statutory damages and costs of this action.

Dated this 23rd day of March, 2006.

*Steven W. Jelenchick* (signature)
Steven W. Jelenchick

Subscribed and sworn to before me
this 23rd day of March, 2006.

*Pamela J. Mitchell* (signature)
Notary Public, State of Wisconsin
My Commission: expires 2-4-07

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: LISA S. BLYTHE,

     Debtor.     Case No. 04-26018-SVK

ROBERT MULLINS     Chapter 7

     Plaintiff,     Adv. Proc. No. 04-2274

v.

LISA S. BLYTHE,

     Defendant.

## STIPULATION AND ORDER FOR DISMISSAL SUBJECT TO TERMS

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff, Robert Mullins, and Debtor-Defendant, Lisa S. Blythe, that the above entitled matter may be dismissed without prejudice and without costs and disbursements to any party, upon the terms and conditions set forth below:

**WHEREAS**, on or about April 21, 2004, Debtor, Lisa S. Blythe ("hereinafter "Debtor"), filed a Voluntary Petition for Chapter 7 Bankruptcy, Case No. 04-26018-svk;

**WHEREAS**, on or about August 3, 2004, Plaintiff, Robert Mullins ("hereinafter "Mullins"), filed an Adversary Proceeding against Debtor seeking a declaration that the debt owed to him by Debtor was nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), Adv. Case No. 04-2274 (the "Blythe Adversary Proceeding");

Steven W. Jelenchick, Esq.
Beck, Chaet & Bamberger, S.C.
Two Plaza East, Suite 1085
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
(414)273-4200 (tel)
(414)276-7786 (fax)
email: sjelenchick@bcblaw.net

EXHIBIT "A"

WHEREAS, the debt owing to Mullins from Debtor and this Adversary Proceeding, arose out of an Operating Agreement dated April 19, 2002, which was signed by and between the parties and Paul A. Karsten ("Karsten"), concerning a business entity known as "Dish Technologies," wherein certain alleged false representations were made to Mullins by Debtor;

WHEREAS, Mullins filed a companion Adversary Proceeding alleging identical allegations against Karsten, arising out of the same facts and circumstances as alleged in the Blythe Adversary Proceeding. The Adversary Proceeding against Karsten, Case No. 04-26017-svk, Adv. Case No. 04-2275 (the "Karsten Adversary Proceeding"), is also being dismissed pursuant to identical terms as this Stipulation and Order for Dismissal Subject to Terms. All payments made or applied in either the Blythe Adversary Proceeding or the Karsten Adversary Proceeding shall be cumulative to reduce the balance due and owing; and

WHEREAS, Debtor and Mullins wish to fully and finally settle and compromise any claims that they have or may have against each other arising out of or related in any way to the Agreement, and to avoid further controversy and litigation costs.

NOW, THEREFORE, in consideration of the above-recitals and the mutual covenants that follow, Debtor and Mullins agree as follows:

1. The recitals set forth above are true and correct;

2. That the Debtor shall pay to Mullins the sum of $60,000, which amount is to be payable as follows:

   A. Initial payment in the amount of **$1,000.00** shall be paid by Debtor to Mullins on or before May 1, 2005;

   B. Thirty-Five (35) installment payments of **$1,000.00** each shall be made by Debtor to Mullins as follows until the balance is paid in full:

2

| June 1, 2005 | July 1, 2005 | August 1, 2005 | September 1, 2005 | October 1, 2005 |
|---|---|---|---|---|
| November 1, 2005 | December 1, 2005 | January 1, 2006 | February 1, 2006 | March 1, 2006 |
| April 1, 2006 | May 1, 2006 | June 1, 2006 | July 1, 2006 | August 1, 2006 |
| September 1, 2006 | October 1, 2006 | November 1, 2006 | December 1, 2006 | January 1, 2007 |
| February 1, 2007 | March 1, 2007 | April 1, 2007 | May 1, 2007 | June 1, 2007 |
| July 1, 2007 | August 1, 2007 | September 1, 2007 | October 1, 2007 | November 1, 2007 |
| December 1, 2007 | January 1, 2008 | February 1, 2008 | March 1, 2008 | April 1, 2008 |

C. Commencing on May 1, 2008, Sixteen (16) installment payments of **$1,500.00** each shall be made by Debtor to Mullins as follows until the balance is paid in full:

| May 1, 2008 | June 1, 2008 | July 1, 2008 | August 1, 2008 |
|---|---|---|---|
| September 1, 2008 | October 1, 2008 | November 1, 2008 | December 1, 2008 |
| January 1, 2009 | February 1, 2009 | March 1, 2009 | April 1, 2009 |
| May 1, 2009 | June 1, 2009 | July 1, 2009 | August 1, 2009 |

3. All payments are subject to a grace period of not greater than seven (7) days. Any payments received seven (7) days or more beyond the applicable due date shall be deemed a default under this Stipulation. In addition, any payment returned "NSF" or otherwise dishonored or not negotiable shall automatically be deemed a default of this Stipulation, whether timely received or not.

4. All payments shall be made payable to: "Robert Mullins" and directed to 4836 Woodlawn Court, Milwaukee, WI 53208, or at such other place as Mullins from time to time directs, in writing.

5. That, in the event Debtor should default in said payment arrangement, Mullins shall have the right to reopen this action, at his discretion, without notice to the Debtor and, upon the

3

filing of an Ex Parte Motion and Affidavit of Default, enter immediate judgment against the Debtor for One Hundred Fifty Thousand Dollars ($150,000) less payments received, plus 12% interest on the unpaid balance running from the date this Stipulation is signed by Debtor, and all statutory damages and costs of this action. That Debtor agrees that said amount shall be deemed by any court of competent jurisdiction, including any bankruptcy court, to be funds obtained by Debtor by her false pretenses and representations, constituting actual fraud, pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), and, therefore, is nondischargeable.

6. That Debtor agrees to take all steps reasonable and necessary to effectuate the transfer of ownership of certain Dish Network Satellite Receivers to Mullins, as well as the physical transfer of said Receivers. That Debtor agrees to work with Mullins in good faith to bring about this transfer of said Receivers, as described herein.

7. That Mullins agrees to deliver, by making available for pick up by Debtor, certain tools, equipment, and personal property in his possession of Debtor at a mutually convenient date and time to be set in the future. Mullins agrees to conduct a diligent and good faith search for all items listed in a submission by Debtor to be provided by Debtor within seven (7) days. To the extent said personal property is not produced by Mullins, Mullins agrees to negotiate a discount of the last installment payment in good faith.

8. Any notices required or authorized hereunder shall be in writing and directed to the following, sent certified mail, return receipt requested:

<u>For Mullins:</u>
Robert Mullins
4836 Woodlawn Court
Milwaukee, WI 53208

<u>For Debtor:</u>
Lisa S. Blythe
17255-B West Wisconsin Avenue
Brookfield, WI 53045

9. That, pursuant to the faithful compliance with the terms referenced herein by Debtor, Mullins consents to the dismissal of the Blythe Adversary Proceeding.

Date: 4/1/05

BECK, CHAET & BAMBERGER, S.C.
Attorneys for Plaintiff, Robert Mullins

By: /s/ Steven W. Jelenchick
Steven W. Jelenchick, Esq.
State Bar No.: 1037766

Date: April 1, 2005

LISA S. BLYTHE, *pro se*
Debtor

By: /s/ Lisa S. Blythe
Lisa S. Blythe

<u>As to the signature of Lisa S. Blythe</u>

Subscribed and sworn to before
me this 1st day of April, 2005.

/s/ Pamela J. Mitchell
Notary Public, State of Wisconsin
My Commission Expires: 2-4-07

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: LISA S. BLYTHE,

        Debtor.

ROBERT MULLINS

        Plaintiff,

v.

LISA S. BLYTHE,

        Defendant.

Case No. 04-26018-SVK

Chapter 7

Adv. Proc. No. 04-2274

## ORDER

**IT IS ORDERED**, that the terms and conditions set forth in the Stipulation for Dismissal Subject to Terms executed by and between the parties on April 1, 2005 are approved and adopted as the order of the court, and this action be and hereby is dismissed without prejudice, pursuant to said terms and conditions.

Dated: April 14, 2005

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge

Steven W. Jelenchick, Esq.
Beck, Chaet & Bamberger, S.C.
Two Plaza East, Suite 1085
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
(414)273-4200 (tel)
(414)276-7786 (fax)
email: sjelenchick@bcblaw.net



**BECK, CHAET & BAMBERGER, S.C.**

Two Plaza East, Suite 1085
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
414.273.4200
Fax 414.273.7786

December 23, 2005

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Paul A. Karsten
730 Westshore Drive
Delafield, WI 53018

Lisa S. Blythe
17255-B West Wisconsin Avenue
Brookfield, WI 53045

Re: *Robert Mullins v. Paul A. Karsetn and Lisa S. Blythe*

Dear Mr. Karsten and Ms. Blythe:

  Please be advised that you are in default under the Stipulation and Dismissal Subject to Terms dated April 1, 2005 for your failure to make the required $1,000 payments for August, September, October, November, and December of 2005. If these payments are not received within five (5) business days, my client will move forward by entering judgment against you, jointly and severally, pursuant to the terms of the Stipulation.

  I strongly urge you to take this opportunity to resolve this matter without further delay.

      Very truly yours,

      BECK, CHAET & BAMBERGER, S.C.

      Steven W. Jelenchick

SWJ:law
cc: Robert Mullins
File No. 04118

12/23/05/law
M\Mullins.Robert\10000-Karsten-Blythe\Ltr\KarstenBlythe05-1223

**EXHIBIT B**